UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **SA CV 14-615-JFW**                                        Date: October 7, 2014

Title:      In Re Reynaldo Marques
            Reynaldo Marques, et al. -v- JP Morgan Chase Bank, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                 **None Present**
   **Courtroom Deputy**                               **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                           None

**PROCEEDINGS (IN CHAMBERS):**      **ORDER AFFIRMING BANKRUPTCY COURT'S DISMISSAL ORDER**

       On April 18, 2014, Appellant Reynaldo F. Marques ("Marques") filed an Appeal from the United States Bankruptcy Court's February 19, 2014 Order granting Defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), California Reconveyance Company ("California Reconveyance"), and Deborah Brignac ("Brignac") (collectively referred to as the "JPMorgan Defendants" or the "JPMorgan Respondents") Motion to Dismiss Marques's Complaint without leave to amend and the Bankruptcy Court's April 16, 2014 Order denying Marques's Motion for Reconsideration. On May 1, 2014, Marques filed an Amendment to Notice of Appeal, indicating that he was also appealing the Bankruptcy Court's February 10, 2014 Order granting Defendants Quality Loan Service Corporation ("Quality Loan") and Kevin McCarthy ("McCarthy") (collectively referred to as the "Quality Loan Defendants" or the "Quality Loan Respondents") Motion to Dismiss Marques's Complaint without leave to amend and the Bankruptcy Court's April 4, 2014 Order denying Marques's Motion for Reconsideration. On July 14, 2014, Marques filed his Opening Brief. On July 28, 2014, the JPMorgan Respondents filed their Appellees' Brief. On July 28, 2014, the Quality Loan Respondents filed their Answering Brief. On August 12, 2014, Marques filed his Reply Brief to the JPMorgan Respondents' Appellees' Brief. On August 14, 2014, Marques filed a Reply Brief to the Quality Loan Respondents' Answering Brief. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's September 8, 2014 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

   **A.    Marques's Bankruptcy Case and Adversary Proceeding**

On October 30, 2012, Marques filed a Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code.  On April 17, 2013, the trustee appointed to administer Marques's estate filed a report of no distribution.  On May 10, 2013, the Bankruptcy Court entered an order closing Marques's bankruptcy case without granting Marques a discharge because he had failed to file the required Debtor's Certification of Post Petition Instructional Course Concerning Personal Financial Management ("Certificate").  Shortly thereafter, on May 16, 2013, Marques filed the required Certificate and a motion to re-open his bankruptcy case so that he could obtain a discharge.  On May 30, 2013, the Bankruptcy Court granted his motion, and, on August 27, 2013, the Bankruptcy Court granted Marques a discharge and again closed his case.

On October 24, 2013, Marques filed a second motion to re-open his bankruptcy case, which the Bankruptcy Court granted in an order entered on December 4, 2013.  After his case was re-opened, Marques immediately instituted an Adversary Proceeding by filing a Complaint against JPMorgan, putative Assignee of FDIC as Receiver for Washington Mutual Bank its assignees and/or successors in interest JPMorgan Subsidiary; California Reconveyance, alleged trustee; Brignac, CEO of California Reconveyance and alleged substitute trustee; Quality Loan; and McCarthy, CEO of Quality Loan.  In his Complaint, Marques alleged claims for relief for: (1) declaratory relief to determine JPMorgan's interest in property; (2) declaratory relief to determine creditor, real party in interest, and holder in due course, as established by *Estoppel in Pais*, and offsetting liabilities due Plaintiff pursuant to 12 U.S.C. §1813; and (3) that Marques may avoid transfer of liens to JPMorgan pursuant to 11 U.S.C. §502(e) and §544(a)(3).  Marques's primary claim in his Complaint was that JPMorgan and California Reconveyance did not have the authority to enforce the deeds of trust encumbering the four properties owned by Marques.  The deeds of trust at issue secured four loans that Marques had obtained from Washington Mutual Bank ("WAMU") and are described as follows: (1) August 24, 2007: $1,196,000.00 - 11791 Monticito Road, Los Alamitos, California; (2) November 2, 2005: $521,250.00 - 2117 Grant Avenue, Redondo Beach, California; (3) April 14, 2006: $727,000.00 – 33962 Malaga Avenue, Dana Point, California; and (4) March 22, 2007: $975,000.00 - 1196 Avenida Buena Suerte, San Clemente California.[1]

   **B.    The Motions to Dismiss and the Motions for Reconsideration**

      **1.    The JPMorgan Defendants' Motions**

On January 2, 2014, the JPMorgan Defendants filed a Motion to Dismiss the Complaint

---

[1] After WAMU's insolvency in 2008, the Federal Deposit Insurance Corporation ("FDIC") seized WAMU's assets and transferred Marques's four loans to JPMorgan pursuant to a Purchase and Assumption Agreement.  Marques claimed that JPMorgan failed to record the assignment to it of the deeds of trust securing his loans subsequent to the Purchase and Assumption Agreement and that therefore, JPMorgan was not authorized to enforce the notes and deeds of trusts securing his loans.

pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012 ("Motion to Dismiss").  In their Motion to Dismiss, the JPMorgan Defendants argued that the Complaint should be dismissed on the grounds that: (1) Marques lacked standing to assert the claims alleged in his Complaint; (2) Marques failed to state a claim for relief; and (3) Marques was barred by the doctrine of judicial estoppel from asserting the claims in his Complaint because he failed to include those claims as assets in his bankruptcy schedules.  After the Motion to Dismiss was fully briefed, it was scheduled for hearing on February 12, 2014.

On February 4, 2014, the Court posted its tentative ruling indicating that it intended to grant the JPMorgan Defendants' Motion to Dismiss.  In response to the tentative ruling, on February 4, 2014, Marques filed an Objection to the Tentative Ruling Dismissing Complaint Without Leave to Amend ("Objection").  Marques argued in his Objection as to the standing issue that his Bankruptcy Trustee had notice of his claims against the defendants, that he was specifically urged to prosecute those claims, and he declined to do so.  On February 4, 2014, Marques also filed Amended Schedules B and D, and in Schedule B listed and described his claim as "[a] claim against JPMorgan Chase and Trustees to avoid transfer of liens on Petitioner's real properties."  On February 12, 2014, the Bankruptcy Court heard argument on the JPMorgan Defendants' Motion to Dismiss, and, on February 19, 2014, it entered its order granting the Motion to Dismiss and dismissing the Complaint without leave to amend as to the JPMorgan Defendants.

On March 5, 2014, Marques filed a Motion for Reconsideration with respect to the Court's February 19, 2014 Order granting the JPMorgan Defendants' Motion to Dismiss.  In his Motion for Reconsideration, Marques argued that the Bankruptcy Court should not have dismissed his Complaint based on lack of standing and judicial estoppel.  Marques did not ask the Bankruptcy Court to reconsider its ruling dismissing his Complaint because it failed to state a claim for relief.  On April 9, 2014, the Bankruptcy Court heard argument on Marques's Motion for Reconsideration, and, on April 16, 2014, the Bankruptcy Court entered an order denying the Motion for Reconsideration.

### 2. The Quality Loan Defendants' Motions

On January 8, 2014, McCarthy filed a Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6) ("Motion to Dismiss")[2], arguing that Marques's Complaint should be dismissed on the grounds that he had failed to state a claim for relief.  After the Motion to Dismiss was fully briefed, it was it was scheduled for hearing on February 5, 2014.

On February 4, 2014, the Court posted its tentative ruling indicating that it intended to grant the Quality Loan Defendants' Motion to Dismiss.[3]  As explained above, in response to the tentative

---

[2] Although Quality Loan filed a Declaration of Nonmonetary Status on December 31, 2013, Marques objected.  Quality Loan then filed a Notice of Joinder in McCarthy's pending Motion to Dismiss.  The Motion to Dismiss filed by McCarthy and joined in by Quality Loan will be referred to as the Quality Loan Defendants' Motion to Dismiss.

[3] The tentative ruling on February 4, 2014 addressed both the JPMorgan Defendants' Motion to Dismiss and the Quality Loan Defendants' Motion to Dismiss.

ruling, on February 4, 2014, Marques filed his Objection and his Amended Schedules B and D.  On February 5, 2014, the Bankruptcy Court heard argument on the Quality Loan Defendants' Motion to Dismiss, and, on February 10, 2014, it entered its order granting the Motion to Dismiss and dismissing the Complaint without leave to amend as to the Quality Loan Defendants.

On February 24, 2014, Marques filed a Motion for Reconsideration with respect to the Court's February 10, 2014 Order granting the Quality Loan Defendants' Motion to Dismiss.  In his Motion for Reconsideration, Marques argued that the Bankruptcy Court should not have dismissed his Complaint based on lack of standing and judicial estoppel.  Marques did not ask the Bankruptcy Court to reconsider its ruling dismissing his Complaint because it failed to state a claim for relief.

On April 2, 2014, the Bankruptcy Court heard argument on Marques's Motion for Reconsideration with respect to the Court's February 10, 2014 Order granting the Quality Loan Defendants' Motion to Dismiss, and on April 4, 2014, entered an order denying Marques's Motion for Reconsideration.

## II.     Issues on Appeal

Marques raises the following four issues on appeal:

1.  Did the Bankruptcy Court err in determining that Marques did not have standing to prosecute an adversary proceeding against JPMorgan, California Reconveyance, and Quality Loan because the contingent claim was not disclosed on his bankruptcy petition schedule of assets?

2.  Did the Bankruptcy Court err in determining that the doctrine of judicial estoppel applied as a bar to Marques bringing an adversary proceeding against JPMorgan and California Reconveyance because the contingent claim was not disclosed on his bankruptcy schedule of assets?

3.  Did the Bankruptcy Court err in dismissing the original complaint in the adversary proceeding with prejudice for failure to state a claim under Federal Rule of Civil Procedure section 12(b)(6)?

4.  Did the Bankruptcy Court demonstrate bias against Marques by raising the issue of his lack of standing after it refused to hear his challenge of JPMorgan's standing in his motion to strike JPMorgan's objection to his verified motion in the bankrupcty case to avoid transfer of liens?  And, did the Bankruptcy Court demonstrate further bias by denying Marques's motion to reconsider and refusing to address his claim that he had the right to amend his schedule pursuant to *In re Lopez*, 283 B.R. 22, 30-31 (9th Cir. BAP 2002)?

## III.    Legal Standard

"The district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions."  *In re Boyd*, 243 B.R. 756, 759 (N.D. Cal. 2000) (citing *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997)).  "Thus, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo."  *Id*. (citing *In re Southern Cal. Plastics, Inc.*, 165 F.3d 1243, 1245 (9th Cir. 1999)); see also *In re*

*Gebhart*, 621 F.3d 1206, 1209 (9th Cir. 2010) ("[T]he bankruptcy court's findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo.").

In reviewing a Bankruptcy Court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court reviews legal determinations de novo. See, *In re Olshan*, 356 F.3d 1078, 1083 (9th Cir. 2004); *Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010). A district court reviews a Bankruptcy Court's decision to deny: (1) leave to amend; and (2) a motion for reconsideration under an abuse of discretion standard. See, *Leadsinger, Inc. v. BMG Music Pub'g*, 512 F.3d 522, 532 (9th Cir. 2008).

In reviewing the Bankruptcy Court's Orders, the Court accepts as true the factual allegations in the Complaint and construes those allegations in the light most favorable to the nonmoving party. *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 849–50 (9th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court will uphold a Bankruptcy Court's decision to dismiss "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs.*, 654 F.3d at 850.

## IV. Discussion[4]

### A. The Bankruptcy Court Properly Dismissed the Complaint Because Marques Lacked Standing to Assert the Claims for Relief Asserted in the Complaint.

#### 1. The Claims Alleged in the Complaint Are the Property of the Bankruptcy Estate and Can Only Be Asserted by the Chapter 7 Trustee.

Because the claims alleged by Marques in his Complaint arose from actions taken prior to the date upon which he filed his bankruptcy case, those claims were property of Marques's bankruptcy estate. 11 U.S.C. § 541(a). Pursuant to Section 554(d), those claims remain property

---

[4] Although Marques filed a Notice of Appeal challenging the Bankruptcy Court's Orders dismissing the Quality Loan Defendants and denying his Motion for Reconsideration with respect to that dismissal, Marques's Opening Brief only addresses the Bankruptcy Court's Orders dismissing the JPMorgan Defendants and denying his Motion for Reconsideration with respect to that dismissal. Therefore, because Marques has failed to present any arguments in his Opening Brief with respect to the Quality Loan Defendants, his challenge to the Bankruptcy Court's Orders of February 10, 2014 and April 4, 2014 are waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that "on appeal, arguments not raised by a party in its opening brief are deemed waived"). Alternatively, the Court concludes that the Complaint does not contain adequate factual allegations against the Quality Loan Defendants to state a claim for relief against them and affirms the Bankruptcy Court's decision dismissing the Complaint and denying the Motion for Reconsideration for the reasons stated in its February 10, 2014 and April 4, 2014 Orders. In addition, the Court concludes that the reasons set forth in this Order affirming the Bankruptcy Court's Orders as to the JPMorgan Defendants are also applicable to the Quality Loan Defendants.

of the estate unless they are abandoned by the trustee under Section 544(a), which did not occur in this case, or, pursuant to Section 554(c), they were scheduled and not administered at the time that the case was closed.  *See, e.g., Vreugdenhill v. Navistar Intl Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991).

In this case, Marques's bankruptcy case was temporarily closed prior to the date that he amended his schedules to include the claims alleged in his Complaint.  Thus, that closure did not result in an abandonment of Marques's claims under Section 554(c).  In addition, because his bankruptcy case remains open, Marques's late scheduling of his claims on February 4, 2014 cannot result in the abandonment of those claims to him.  Absent an order from the Bankruptcy Court authorizing Marques to pursue the claims asserted in his Complaint, he lacks standing to assert those claims because they are, and always have been, property of his Chapter 7 bankruptcy estate.  *Cassano v. Klein*, 264 F.3d 936, 945-946 (9th Cir. 2001).

### 2. Marques Lacks Standing to Enforce the Chapter 7 Trustee's Avoidance Powers as to His Own Voluntary Transfers.

Marques also lacks standing to assert the trustee's Section 544(a)(3) avoidance powers under Bankruptcy Code Section 522(h).  Section 522(h) only permits a debtor to assert the trustee's avoidance powers "to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer."  Thus, a debtor cannot succeed to the trustee's avoidance powers and exempt property that has been recovered by the trustee when the transfer sought to be avoided was voluntarily entered into by the debtor. *See* 11 U.S.C. §§ 522(h) and 522(g)(1)(A).

In this case, Marques voluntarily executed deeds of trust thereby granting an interest in his properties to WAMU as security for the funds that he borrowed.  Because those transfers were voluntary transfers by Marques, as the debtor, he is not now entitled to exempt the transferred properties under 11 U.S.C. § 522(g)(1), even if the transfers were otherwise avoidable.  Therefore, Marques lacks standing to assert the trustee's avoidance powers under 11 U.S.C. § 522(h) as to the deeds of trust.

### 3. Marques Lacks Standing to Challenge the Transfer of His Deeds of Trust from the FDIC to JPMorgan.

Marques cannot avoid JPMorgan's interest in his properties by "stepping into the shoes" of the Chapter 7 Trustee under Section 522(h) and exercising the trustee's avoidance powers pursuant to Section 544(a)(3) because, as discussed above, Section 544(a)(3) only allows the trustee to avoid transfers of the debtor's interest in property.  11 U.S.C. § 522(h).

In this case, the transfer of Marques's deeds of trust by the FDIC to JPMorgan was not a transfer of Marques's interest in property.  Instead, it was a transfer of WAMU's beneficial interest in the deeds of trust that is not subject to avoidance under Section 522(h).

Accordingly, the Bankruptcy Court properly dismissed the Complaint due to Marques's lack of standing.

**B.     The Bankruptcy Court Properly Dismissed the Complaint Because Marques Failed to State a Claim for Relief.**

Other than superficial and conclusory statements, Marques's Opening Brief makes no substantive argument that the Bankruptcy Court erred in concluding that, as a matter of substantive law, the Complaint failed to allege facts sufficient to state a claim for relief. Thus, any challenge to the Bankruptcy Court's holding that Marques failed to allege facts sufficient to state a claim for relief has been waived. *Smith*, 194 F.3d at 1052 ("on appeal, arguments not raised by a party in its opening brief are deemed waived"); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 n.7 (9th Cir. 1999). However, despite this waiver, the Court will examine on the merits the Bankruptcy Court's decision that Marques failed to state a claim for relief.

   **1.     Marques Failed to State a Claim for Declaratory Relief Regarding the Authority to Initiate Non-Judicial Foreclosure of the Deeds of Trust Securing his Loans.**

California Civil Code Section 2924(a)(1) permits "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" to initiate non-judicial foreclosure proceedings. Thus, the JPMorgan Defendants need not be the beneficial owners of Marques's loans in order to have the ability to initiate non-judicial foreclosure proceedings. *See* Cal. Civ. Code § 2924(a)(1) (non-judicial foreclosure may be commenced by any one of "the trustee, mortgagee, or beneficiary, or any of their authorized agents"); *see also, Debrunner v. Deutsche Bank National Trust Co.*, 204 Cal. App. 4th 433, 440-442 (2012) (foreclosing beneficiary cannot be compelled to produce the secured promissory note or otherwise prove that it holds the note to nonjudicially foreclose). In this case, a notice of default was recorded by California Reconveyance, the trustee under Marques's deeds of trust. Therefore, the foreclosure proceedings were commenced by a party authorized to do so by statute and Marques's declaratory relief claim fails.

In addition, in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011), the Court of Appeal emphatically rejected the use of declaratory relief claims to challenge non-judicial foreclosure proceedings. Holding that Cal. Civ. Code §§ 2924-2924k set forth a comprehensive framework for the regulation of non-judicial foreclosure proceedings, *Gomes* determined that the trustor under a deed of trust is not permitted to inject the courts into non-judicial foreclosure proceedings by challenging the authority of the foreclosing trustee to act through declaratory relief claims. *Id.* at 1154-55; *Robinson v. Countrywide*, 199 Cal. App. 4th 42, 46 (2011); *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 508-515 (2013). Therefore, the Bankruptcy Court properly dismissed Marques's claims for relief based upon Marques's challenge to the JPMorgan Defendants' right to initiate non-judicial foreclosure proceedings. *See Gomes*, 192 Cal. App. 4th at 1154.

   **2.     The Purchase and Assumption Agreement Transferred the Beneficial Interest in Marques's Loans to JPMorgan.**

Numerous courts have recognized that, pursuant to the Purchase and Assumption Agreement, attached to the Complaint as Exhibit A, the FDIC validly transferred to JPMorgan "all right, title, and interest of the Receiver in and to all of the assets" of WAMU.  *See Heflebower v. JPMorgan Chase Bank, NA*, 2013 WL 5476806 (E.D. Cal. Sept. 30, 2013); *Lopez v. Washington Mut. Bank, F.A.*, 2010 WL 2629039 (E.D. Cal. June 25, 2010); *Lomely v. JP Morgan Chase Bank, N.A.*, 2012 WL 4123403 (N.D. Cal. Sept. 17, 2012); *Eng v. Dimon*, 2012 WL 3659600 (N.D. Cal. Aug. 24, 2012).  In other words, JPMorgan purchased all of WAMU's loans, including the right to enforce the security interests.

In this case, Marques admits that he borrowed money from WAMU and signed notes evidencing his debt.  Marques further admits that the notes were secured by deeds of trust encumbering his four properties.  For example, on September 4, 2007, the deed of trust encumbering the Monticito Road property was recorded in the official records of the County Recorder of Orange County.  On September 25, 2008, the note for $1,196,000.00 and deed of trust encumbering the Monticito Road property were transferred to JPMorgan pursuant to the Purchase and Assumption Agreement.  Thus, JPMorgan became entitled to enforce that note and, by operation of law, that deed of trust.  *See* Cal. Com. Code § 9203(g); Cal. Civ. Code § 2936 ("The assignment of a debt secured by a mortgage carries with it the security."); *Cockerell v. Title Ins. & Trust Co.*, 42 Cal. 2d 284, 291 (1954) (the assignment of a promissory note also transfers the security).  Therefore, Marques's challenge to JPMorgan's right to enforce the deeds of trust fails as a matter of law.

### 3.  California Law Does Not Require That an Assignment of a Deed of Trust be Recorded.

Marques argues that, upon execution of the Purchase and Assumption Agreement, the JPMorgan Defendants were required to record an assignment of the deeds of trust and that their failure to do so rendered the deeds of trust unenforceable under California Civil Code Section 2932.5.  However, several California courts have held that California Civil Code section 2932.5 does not apply to deeds of trust.  See, e.g., *Herrera v. Federal Nat. Mortgage Assoc.*, 205 Cal. App. 4th 1495, 1509-1511 (2012); *Haynes v. EMC Mortgage Corp.*, 205 Cal. App. 4th 329 (2012); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118 (2011); *Jenkins*, 216 Cal. App. 4th at 517-519 ("It is well settled California law that this distinction [between mortgages and deeds of trust] makes the provisions of Section 2932.5 inapplicable to deeds of trust."); *see also Roque v. SunTrust Mortgage, Inc.*, 2010 WL 546896 (N.D. Cal. Feb. 10, 2010) ("Section 2932.5 applies to mortgages, not deeds of trust.  It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee."); *Parcray v. Shea Mortgage, Inc.*, 2010 WL 1659369 (E.D. Cal. Apr. 23, 2010) ("There is no requirement under California law for an assignment to be recorded in order for an assignee beneficiary to foreclose.").  Thus, contrary to Marques's contentions, California law does not require that assignments of deeds of trust be recorded in order to be enforceable.  *See* Cal. Civ. Code § 2934.

Accordingly, the Bankruptcy Court properly dismissed Marques's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim of relief.

### C.  The Bankruptcy Court Properly Dismissed the Complaint Because Marques Was Judicially Estopped from Pursuing the Claims for Relief Asserted in the

**Complaint.**

The Bankruptcy Court properly dismissed the Complaint based on the doctrine of judicial estoppel due to Marques's failure to disclose the claims asserted in the Complaint in his bankruptcy schedules. Section 541(a) provides that "the commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); *see also Cusano*, 264 F.3d at 945-946 (holding that assets of an appellant's bankruptcy estate include prepetition causes of action); *Vertkin v. Wells Fargo Home Mortg.*, 2010 WL 3619798 (N.D. Cal. Sept. 9, 2010) (holding that property of bankruptcy estate included claims of wrongful foreclosure).

A Chapter 7 bankruptcy estate is administered by a trustee, who is obligated to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704. Subject to certain exemptions, a "trustee in bankruptcy succeeds to all causes of action held by a debtor at the time a bankruptcy petition is filed." *In re Degenaars*, 261 B.R. 316, 319 (Bankr. M.D. Fla. 2001). In order to enable the trustee to identify the property of the estate under his control, Bankruptcy Code section 521(a)(1)(B)((i) requires the debtor to file schedules of the debtor's assets and liabilities. "The debtor has a duty to prepare schedules carefully, completely, and accurately." *Cusano*, 264 F.3d at 946; *see also In re Coombs*, 193 B.R. 557 (Bankr. S.D. Cal. 1996).

In this case, it is undisputed that Marques failed to disclose the existence of his affirmative claims on his schedules until forced to do so by the Bankruptcy Court's February 4, 2014 tentative ruling that he was judicially estopped from asserting those claims because of his failure to disclose them. Although Marques argues that his failure to disclose those claims was inadvertent, and, thus, the doctrine of judicial estoppel should not apply, the Court disagrees. Given the timing of Marques's amendment to his schedules and Marques's failure to provide the Bankruptcy Court with a declaration explaining his initial error, no reasonable fact finder at the time the Bankruptcy Court entered its orders on the Motions to Dismiss and the Motions for Reconsideration could have concluded that Marques's failure to include his claims on his schedules was caused by mistake or inadvertence. *Dzakula v. McHugh*, 737 F.3d 633 (9th Cir. 2013) ("On the present record, however, particularly in light of the timing of Appellant's amendment [after Defendant filed a motion to dismiss] and her choice not to file a declaration explaining her initial error, no reasonable fact finder could conclude that the omission was inadvertent or mistaken."). Accordingly, the Court concludes that the Bankruptcy Court properly dismissed Marques's Complaint based on the doctrine of judicial estoppel.

**D.    The Bankruptcy Court Properly Denied Leave to Amend the Complaint.**

Marques contends that the Bankruptcy Court abused its discretion by dismissing his Complaint without leave to amend, and then by denying the Motions for Reconsideration. However, an abuse of discretion occurs when a court "misapprehend[s] the law with respect to the underlying issues in the litigation," or "rests its conclusions on clearly erroneous findings of fact." *Chalk v. United States Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988); *see also Screen Capital Int'l Corp. v. Library Asset Acquisition Co.*, 510 B.R. 248, 254 (C.D. Cal. 2014). Where amendment

would be futile, leave to amend should not be granted. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In this case, none of the defects that led the Bankruptcy Court to grant the Motions to Dismiss - and deny the subsequent Motions for Reconsideration - can be cured by amendment. For example, Marques cannot plead around the prohibition in *Gomes* precluding a challenge to non-judicial foreclosure proceedings. Marques also cannot plead around the fact that Section 522(h) does not provide him with standing to avoid the transfer of his deeds of trust from the original lender to JPMorgan. In addition, Marques cannot plead around the fact that the transfers of his note and deeds of trust from his original lender to JPMorgan was a transfer of the original lender's property, not his. Furthermore, Marques cannot plead around the fact that he failed to disclose his claims in his bankruptcy schedules until forced to do so by the Bankruptcy Court's February 4, 2014 tentative ruling. Finally, Marques cannot plead around the fact that the claims that he seeks to assert are property of his bankruptcy estate that can only be asserted by the Chapter 7 trustee. As a result, the Bankruptcy Court did not abuse its discretion when it granted the Motions to Dismiss without leave to amend and denied the Motions for Reconsideration.

## V. Conclusion

For all the foregoing reasons, the Bankruptcy Court's February 10, 2014 and February 19, 2014 Orders dismissing Marques's Complaint without leave to amend and the Bankruptcy Court's April 4, 2014 and April 16, 2014 Orders denying Marques's Motion for Reconsideration are **AFFIRMED**.

IT IS SO ORDERED.